NOT FOR PUBLICATION                                                                                          **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ENRIQUETA B. AGCAOILI, | : | |
| Plaintiff, | : | |
| | : | Civil No.: 07-4197 (JLL) |
| v. | : | |
| | : | **O P I N I O N** |
| EDWARD A. WIERSIELIS, | : | |
| Defendant. | : | |

**LINARES, District Judge.**

   This matter comes before the Court upon Enriqueta Agcaoili's ("Plaintiff" or "Agcaoili") response to this Court's Order of September 6, 2007, terminating her action for failure to pay a filing fee and ordering Plaintiff to Show Cause why her complaint should not be dismissed for lack of subject matter jurisdiction. The Court, upon review of Plaintiff's application to proceed in forma pauperis, finds the Plaintiff indigent and grants in forma pauperis status under 28 U.S.C. § 1915(a). Having reviewed the Plaintiff's Complaint and Response to the Order to Show Cause response in an attempt to find a cognizable claim pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's claims should be dismissed in part as frivolous and in part as lacking subject matter jurisdiction.

## BACKGROUND

   Plaintiff filed a Complaint in this Court on August 31, 2007. Plaintiff failed to pay the filing fee or submit a completed application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In response, the Court issued an Order on September 6, 2007, ordering the action

terminated and the Plaintiff to satisfy the fee requirement and demonstrate to the Court that her complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff completed an application to proceed in forma pauperis and filed a response to the Court's Order to Show Cause ("OTSC") on September 17, 2007. Plaintiff's response states that she seeks to collect on a state judgment and that she desires relief from various frauds alleged against Edward Wiersielis ("Defendant" or "Wiersielis"). (Ans. to OSC at 2).

## DISCUSSION

### A. Standard of Review

In order for a plaintiff to proceed in forma pauperis before this Court, 28 U.S.C. § 1915 requires not only that the Court evaluates the indigency of the individual plaintiff, but that it also assesses the claims presented and dismiss them if they are frivolous or malicious, fail to state a cognizable claim, or seek monetary damages from a defendant entitled to immunity. 28 U.S.C. § 1915(e)(2)(B).

The Court construes pro se complaints liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). In determining the sufficiency of a complaint, the Court must accept a plaintiff's allegations as true and examine the matter in the light most favorable to the plaintiff. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). The Court need not, however, accept legal conclusions couched as statements of fact, unsupported conclusions, or unwarranted references. Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007).

Complaints are frivolous when relying on meritless legal theories or alleging clearly baseless facts. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Nietzke v. Williams, 490 U.S. 319, 327 (1989); Deutsch v. United States, 67 F.3d 1080, 1087 (3d Cir. 1995). Determining

whether a complaint is frivolous is an objective analysis. Deutsch, 67 F.3d at 1087. If it is proper for this Court to dismiss a complaint, the Court must grant leave to amend if an amendment could remedy the complaint. Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, this Court has an independent duty to address any issue of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). If the Court lacks subject matter jurisdiction, it must dismiss the case.

**B. Analysis**

Plaintiff submitted her completed application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Upon examination of the application, the Court finds that Plaintiff qualifies for non-prisoner in forma pauperis status under the statute and hereby grants Plaintiff's application.

While it is not entirely clear from the documents submitted by Agcaoili in answer to the Order to Show Cause, it appears that Agcaoili and Wiersielis have engaged in a protracted landlord-tenant dispute in the New Jersey state courts of Hudson and Essex Counties. (Ans. to OTSC at 2-6). While Agcaoili's answer to the OTSC lacks specificity as to the exact timeline of events, it describes at least ten different cases or appeals that she has been involved in, presumably against Wiersielis. (Id. at 2-6, 9). Before this Court, Agcaoili seeks to levy on Wiersielis pursuant to a judgment for $3,308.80 granted in her favor by the Special Civil Part of the Superior Court of Hudson County, New Jersey dated March 11, 2004. (Id. at 2, Ex. A). Plaintiff also wishes to recover from Wiersielis for various allegations of "fraud" related to prior litigation before the New Jersey state courts. (Id. at 2-6[1]).

---

[1] Agcaoili's complaint and response to the OTSC in this case are also almost identical to the complaint she filed before another Judge in this District on November 29, 2005. That Complaint was dismissed by the Honorable Joseph A. Greenaway, U.S.D.J. for lack of subject

A complaint[2] is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it states an "inarguable legal conclusion." Id. In this case, it appears that Plaintiff seeks to have the Court levy on Wiersielis in order to satisfy her state court judgment. There is no colorable legal argument in support of this remedy, because the federal courts lack such power. 28 U.S.C. § 1330-69 (providing no independent statutory jurisdiction for actions on state court judgments between citizens of the same state); see also 28 U.S.C. § 1962 (requiring operation of state law to create liens based on federal court judgments). No amendment of the complaint would appear to ameliorate this defect, and therefore Agcaoili's claim as to the state court judgment she holds must be dismissed as frivolous under 28 U.S.C. § 1915(e).

Plaintiff's other claims concern actions taken by Wiersielis and various state courts of New Jersey. These claims appear to be framed as appeals to this Court to reverse or reopen the state court judgments against Agcaoili. However, The Supreme Court has stated that federal district courts lack subject matter jurisdiction over such matters: the Rooker-Feldman doctrine requires this Court to dismiss "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). None of the cases mentioned as "fraudulent" by Agcaoili appear to be awaiting decision or under appeal. Instead, all appear to

---

matter jurisdiction. Agcaoili v. Wiersielis, No. 05-5617, (D.N.J. Jan. 26, 2006).

[2]For purposes of this Opinion, the Court will consider Plaintiff's complaint and Plaintiff's answer to the OTSC together under the term "complaint."

have been decided, dismissed, or appealed to the extent permissible.  Additionally, all of these cases appear to have ended prior to this case's filing—indeed, all were mentioned in the prior complaint filed before this Court in 2005.  Agcaoili v. Wiersielis, No. 05-5617, at *2 (D.N.J. Jan. 26, 2006); see also Comp. at 2-16, Agcaoili, No. 05-5617.  Pursuant to the Rooker-Feldman doctrine, this Court hereby dismisses these claims for lack of subject matter jurisdiction.  Exxon Mobil, 460 U.S. at 284, 285.

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's application for in forma pauperis status is granted, and Plaintiff's Complaint is dismissed.

    /s/  Jose L. Linares  
United States District Judge

DATED: September 20, 2006